# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEVIE HANKS,**

**Plaintiff,**

-vs-                                                               Case No.  **6:11-cv-1368-Orl-28DAB**

**RACETRAC PETROLEUM, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE (Doc. No. 12)** |
| **FILED:** | **September 7, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In July 2011, Plaintiff filed a Complaint in state court seeking the recovery of unpaid

minimum wages in connection with work Plaintiff performed as an hourly employee for Racetrac, and

also bringing claims for battery, negligent hiring and negligent supervision and retention (Doc. No.

2). Defendant removed the case as presenting a federal claim under the Fair Labor Standards Act

("FLSA"), and the parties promptly settled, prior to the filing of an Answer or other substantive

papers. The instant motion containing the settlement agreement is submitted for a fairness review.

*See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  As it appears that

Plaintiff has been compensated in full with respect to the FLSA claim, and it appearing that the parties

wish to dismiss with prejudice the other state claims pled, the Court **recommends** that the motion be

granted, the settlement be approved and the case be dismissed with prejudice.

If a settlement is not one supervised by the Department of Labor, the only other route for

compromise of FLSA claims is provided in the context of suits brought directly by employees against

their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.

1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the

employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights
> under the statute. Thus, when the parties submit a settlement to the court for approval,
> the settlement is more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an employer's overreaching.
> If a settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, the parties have settled the entire suit, including

the FLSA claim.  Pursuant to the terms of the agreement, and without acknowledging any

wrongdoing, the Defendant has offered to pay and the Plaintiff has agreed to accept in full settlement

of her claim, as follows: (1) $1,500.00 to the Plaintiff in full satisfaction of the unpaid wage claims;

(2) $1,500.00 in consideration of Plaintiff's liquidated damages claim; (3) and $2,000.00 to the

Plaintiff's attorneys in full satisfaction of attorneys' fees and costs.  As set forth in the motion, Plaintiff calculated her potential damages as *less* than $1,500.00; thus, the parties agree that the settlement "represents full recovery for anything Plaintiff could claim to be owed."

As the parties agree that Plaintiff has obtained full relief under this agreement, there is no "compromise" to review.  Full recompense is *per se* fair and reasonable.  As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc.*, – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added - affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot).  As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).  Here, the parties

-3-

acknowledge that the amount to be paid by Defendant "satisfies any and all amounts Plaintiff owes Plaintiff's counsel." Thus, Plaintiff will receive full compensation on her claim plus $2,000.00 to the Plaintiff's attorneys in full satisfaction of the attorney's fees associated with the claim. As long as counsel does not seek to recover anything further from Plaintiff, her recovery is not compromised by the fee agreement and the Court sees no reason to review it. The Court finds the settlement to be *per se* reasonable, and further analysis is not necessary.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, it is **respectfully recommended** that the motion be **granted**, the settlement be approved, and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy